# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ETHAN S. PARKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV766 |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff Ethan S. Parker's ("Plaintiff") "Motion for Preliminary Injunction" (Docket Entry 4) and Defendant Wells Fargo Bank, N.A.'s ("Defendant") "Motion to Compel Arbitration and Stay Proceedings." (Docket Enty 10.) Both motions are ready for review. For the following reasons, the undersigned recommends denying as moot Plaintiff's "Motion for Preliminary Injunction" (Docket Entry 4) and granting Defendant's "Motion to Compel Arbitration and Stay Proceedings" (Docket Entry 10).

## I. Background

On September 6, 2023, Plaintiff filed a Verified Complaint ("Complaint"), alleging Defendant improperly seized and closed Plaintiff's bank account, which contained over $200,000 that Plaintiff had recently inherited from his deceased mother. (Docket Entry 1 at 2-4.)[1] According to Plaintiff, Defendant seized the funds because it believed Plaintiff had forged

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

Case 1:23-cv-00766-WO-JLW   Document 22   Filed 04/25/24   Page 1 of 6

the inheritance check, and, even after Plaintiff produced documentation from the check's issuer stating that it was valid, Defendant refused to correct its error and return the seized funds. (*Id.* at 4-5.)

In his Complaint, Plaintiff brings five claims for relief. (*Id.* at 7-12.) First, he seeks a declaratory judgment that the seized funds belong to him. (*Id.* at 7-8.) Next, he brings a claim for conversion, alleging that Defendant "wrongfully closed [his] account and seized his funds." (*Id.* at 8-9.) Third, he alleges that Defendant has been unjustly enriched by seizing his funds. (*Id.* at 9.) Fourth, he brings a claim for unfair and deceptive trade practices pursuant to N.C. Gen Stat. § 75-1.1. (*Id.* at 10.) Finally, he requests injunctive relief. (*Id.* at 11-12.) Thereafter, Plaintiff filed a Motion for Preliminary Injunction. (Docket Entry 4.) Defendant then filed a Motion to Compel Arbitration and Stay Proceedings, arguing that the terms of the agreement between the parties require that the matter be arbitrated. (Docket Entries 10, 11 at 6-8.)

## II. Discussion

### A. Motion for Preliminary Injunction

In his Motion for Preliminary Injunction, Plaintiff "seeks an injunction prohibiting Defendant Wells Fargo Bank, N.A. from continuing to retain over $200,000 in funds that belong to him which were improperly seized from his Wells Fargo bank account." (Docket Entry 4 at 1.) He argues that since he is the rightful owner of the funds, he is likely to succeed on the merits. (Docket Entry 5 at 11.) Further, he states that without access to the account, he has faced foreclosure on his childhood home and has already lost his mother's belongings because he was unable to pay the storage fees for her items. (*Id.* at 12-14.) He also notes that

the balance of equities weighs heavily in his favor, and it is in the public's interest to issue the injunction. (*Id.* at 14-15.)

On October 5, 2023, Defendants responded that the motion for preliminary injunction should be denied as moot. (Docket Entry 16 at 1.) Specifically, Defendant asserts that it is "in the process of issuing Parker a check for the total value of funds and expects that Parker will receive that check within the next two and half weeks." (*Id.* at 2.) Defendant contends that since Plaintiff is "unable to establish that he will face irreparable harm absent an injunction, [he] is therefore, not entitled to the relief he seeks." (*Id.*)

Plaintiff countered that the motion was not moot because he had not yet received the seized funds, his home was still subject to foreclosure, and thus a court order was "the only way to ensure that Wells Fargo follows through with turning this money over." (Docket Entry 17 at 2-3.) However, on October 16, 2023, Defendant filed a Notice with the Court that the seized funds had been returned to Plaintiff and provided emails from Plaintiff's Counsel that acknowledged he had received a check for the seized funds. (Docket Entries, 18, 18-1.) Plaintiff also confirmed that Defendant had returned the seized funds in his Response to Defendant's Motion to Compel Arbitration. (Docket Entry 19 at 6.)

Based on the representations by both parties, Plaintiff's Motion for Preliminary Injunction is now moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Because Plaintiff's funds have been returned to him, he no longer has a live interest in the Court ordering Defendant to return the funds. *See e.g., Tart v. Johns,* No. 1:18CV598, 2019 WL 5960536, at *6 (M.D.N.C. Nov. 6, 2019), *report and recommendation adopted,* No.

1:18CV598, 2020 WL 869913 (M.D.N.C. Feb. 21, 2020), *aff'd in part, appeal dismissed in part,* 813 F. App'x 896 (4th Cir. 2020). Accordingly, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction (Docket Entry 4) be denied as moot.

### B. Motion to Compel Arbitration and Stay Proceedings

Additionally, Defendant has filed a "Motion to Compel Arbitration and Stay Proceedings," along with a supporting brief. (Docket Entries 10, 11.) Defendant asserts that the "Deposit Account Agreement" (hereinafter "Arbitration Agreement"), which Plaintiff signed upon opening his account, "requires any dispute relating to the Account be arbitrated." (Docket Entry 11 at 5; *see also* Docket Entry 11-3 at 36.) Plaintiff agrees that the matters should be arbitrated once the pending motion for preliminary injunction has been decided and represents that "he is prepared to file his arbitration demand once the Court enters an order staying these proceedings."[2] (Docket Entry 19 at 1, 6.) Both parties further agree that the action should also be stayed upon resolution of the preliminary injunction. (*See* Docket Entries 10, 19 at 6.)

The Federal Arbitration Agreement ("FAA") "reflects a liberal federal policy favoring arbitration agreements as a means of settling disputes." *Minter v. Freeway Food, Inc.,* No. 103CV00882, 2004 WL 735047, at *2 (M.D.N.C. Apr. 2, 2004) (internal quotation and citation omitted); 9 U.S.C. §§ 1–14. To compel arbitration, a party must show:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce,

---

[2] Plaintiff also states that he already "has filed an arbitration proceeding." (Docket Entry 19 at 6.) However, there is no such filing on the docket.

4

and (4) the failure, neglect or refusal of [one party] to arbitrate the dispute.

*Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991); *see also Murray v. Hilton Grand Vacations, Inc.,* No. 1:22CV366, 2022 WL 19355624, at *1 (M.D.N.C. Dec. 15, 2022) (citing *Adkins v. Labor Ready, Inc.,* 303 F.3d 496, 500-01 (4th Cir. 2002)). An arbitration agreement must be valid and any dispute "must fall within the scope of the arbitration agreement." *See Murray,* No. 1:22CV366, 2022 WL 19355624, at *1 (citing *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.,* 807 F.3d 553, 563 (4th Cir. 2015)).

Here, Plaintiff's remaining claims are subject to the Arbitration Agreement. (*See* Docket Entry 11-3 at 36.) Since both parties agree that further proceedings should be arbitrated, and there is no dispute as to any of the four factors noted above, the undersigned finds that Plaintiff's remaining claims are subject to arbitration. *See e.g., Andros v. Family Dollar Stores of North Carolina, Inc.,* No. 1:20CV1132, 2021 WL 4412512, at *1 (M.D.N.C. Sept. 27, 2021); *Murray,* No. 1:22CV366, 2022 WL 19355624, at *2.

Since the claims are subject to arbitration,

> [t]he FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview. *United States v. Bankers Ins. Co.,* 245 F.3d 315, 319 (4th Cir. 2001).

*Andros,* No. 1:20CV1132, 2021 WL 4412512, at *1 (citation omitted). Because both parties agree to a stay, and "[a] stay is consistent with the provisions of the FAA," the undersigned recommends staying this action pending resolution of the arbitration. *See id.*

5

## III. Conclusion

Therefore, for the reasons stated above, the undersigned **RECOMMENDS DENYING** as moot Plaintiff's "Motion for Preliminary Injunction." (Docket Entry 4.) Furthermore, the undersigned **RECOMMENDS GRANTING** Defendant's "Motion to Compel Arbitration and Stay Proceedings." (Docket Entry 10.) **IT IS FURTHER RECOMMENDED** that this action be **STAYED** until arbitration has occurred in accordance with the terms of the parties' arbitration agreement. The undersigned further **RECOMMENDS** that the parties shall file a joint report of arbitration every one-hundred and twenty (120) days until arbitration is complete.

     /s/ Joe L. Webster     
United States Magistrate Judge

April 25, 2024
Durham, North Carolina